1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY DALE BARGER,

    Petitioner,

        v.

RACKLEY,

        Respondent.

Case No. 14-cv-05457-WHO (PR)

**ORDER OF DISMISSAL**

    This federal action was filed as a petition for writ of habeas corpus under 28 U.S.C. § 2254, that is, as a challenge to the lawfulness or duration of petitioner Gary Barger's incarceration.  A review of the petition, however, shows that Barger sets forth claims regarding the conditions of his confinement, specifically the failure of his jailors at the California Health Care Facility to process his *in forma pauperis* ("IFP") applications. Therefore, if he prevails here it will not affect necessarily the length of his incarceration. This means that his claim is not the proper subject of a habeas action, but must be brought as a civil rights case under 42 U.S.C. § 1983.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of confinement; civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891–92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of

1    confinement must be brought in civil rights complaint).

2         In an appropriate case a habeas petition may be construed as a section 1983

3    complaint.  *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971).  Although the Court may

4    construe a habeas petition as a civil rights action, it is not required to do so.  Since the time

5    when the *Wilwording* case was decided there have been significant changes in the law.  For

6    instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however,

7    the fee is now $400 ($350 if IFP status is granted) and under the Prisoner Litigation

8    Reform Act the prisoner is required to pay it, even if granted IFP status, by way of

9    deductions from income to the prisoner's trust account.  *See* 28 U.S.C. § 1915(b).  A

10   prisoner who might be willing to file a habeas petition for which he or she would not have

11   to pay a filing fee might feel otherwise about a civil rights complaint for which the $400

12   fee would be deducted from income to his or her prisoner account.  Also, a civil rights

13   complaint which is dismissed as malicious, frivolous, or for failure to state a claim would

14   count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

15        In view of these potential pitfalls for Barger if the Court were to construe the

16   petition as a civil rights complaint, this federal action is DISMISSED without prejudice to

17   his filing a civil rights action if he wishes to do so in light of the above.  **Because he**

18   **challenges the conditions of confinement at the California Health Care Facility in**

19   **Stockton, California, he must file such civil rights action in the Eastern District of**

20   **California.**

21        Barger's motion to proceed IFP (Docket No. 2) is GRANTED.  His motion for a

22   preliminary injunction (Docket No. 4) is DENIED as moot.  The Clerk shall terminate

23   Docket Nos. 2 and 4, enter judgment in favor of respondent, and close the file.

24        **IT IS SO ORDERED.**

25   **Dated:**  January 9, 2015

26
         _____
27       WILLIAM H. ORRICK
         United States District Judge
28

United States District Court
Northern District of California

2